Honorable Ernestive V. Glossbrenner Chairperson House Public Education Committee P.O. Box 2910 Capitol Bldg., Room 302D Austin, Texas 78768-2910
Re: Use of a "paging device" on school property or at a school function (RQ-1942)
Dear Representative Glossbrenner:
You ask whether a car telephone is a "paging device" for purposes of section 21.309 of the Education Code, which provides as follows:
 (a) A student in a public school may not possess a paging device while on school property or while attending a school-sponsored or school-related activity on or off school property, unless the student is in attendance in the capacity of an active member of a volunteer firefighting organization or a volunteer emergency medical services organization.
 (b) The board of trustees of each school district shall include the prohibition in Subsection (a) of this section in the district's written standards of student conduct. A student who violates the prohibition is subject to discipline as provided by board policy, consistent with this subchapter.
 (c) A person who discovers a student in possession of a paging device in violation of this section shall report the violation to the appropriate school administrator, as determined by school policy, who shall order a peace officer or appropriate school employee to confiscate the device, which is forfeited to the school district.
 (d) In this section, `paging device' means a telecommunications device that emits an audible signal, vibrates, displays a message, or otherwise summons or delivers a communication to the possessor.
The components of the definition of "paging device" are (1) that it be a telecommunications device and (2) that it, by some means, summon or deliver a communication to the possessor. A car telephone is a telecommunications device. See Webster's Ninth Collegiate Dictionary (1984) (defining "telecommunication" as "communication at a distance as by telephone or television"). The remaining question is whether a car telephone summons or delivers a communication "to the possessor."
We note that the requirement is that the device actually summon or deliver a communication to its possessor, not merely that it have the capacity to do so. A car telephone would be able to summon its possessor only if its possessor were able to hear or otherwise perceive its signal. Consequently, a student who parked on school property would be on school property and subject to the summons of a car phone upon arrival at and departure from school or a school activity.[1] Although that would be sufficient to bring the student within the literal language of the prohibition set out in section 21.309, the legislative history indicates that the legislature did not intend that the prohibition be applied so broadly.[2]
The bill analysis prepared in regard to section 21.309 of the Education Code sets out the following background information:
 The presence of paging devices on the campuses of the large, urban districts is increasing. Teachers and administrators report that this presence is disruptive to the educational process when these devices are activated in an educational setting. In addition, there is concern that these devices are being used to facilitate the dealing of illegal drugs.
Bill Analysis, S.B. 424, 71st Leg.(1989). Unless students attending classes or school activities could perceive the signal emitted by a car telephone, it seems unlikely that a car telephone would be disruptive to the educational process. Also, if access to car telephones is limited to time of arrival and time of departure, car phones would do no more to facilitate drug transactions than any other telephone in the vicinity of the school.
If a particular school district finds that car telephones are in fact disruptive, it has the authority to adopt reasonable rules regulating their presence on school property. See Texarkana Indep. School Dist. v. Lewis, 470 S.W.2d 727
(Tex.Civ.App.-Texarkana 1971, no writ); Educ. Code §§ 23.26, 21.301.
 SUMMARY
Section 21.301 of the Education Code does not prohibit the presence of car telephones in cars parked on school property. Individual school districts have authority to adopt disciplinary rules regarding car telephones.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] We assume that a student would "possess" a car telephone for purposes of section 21.309 if it were in his custody during the school day or during a school activity. See generally Valcarcel v. State, 718 S.W.2d 368, 372 (Tex.App.-Amarillo 1986, no pet.) (defining "possession" for purposes of crime of possession of contraband).
[2] If the definition of "paging device" is taken absolutely literally, it would prohibit students from possessing car radios on school property since car radios are telecommunications devices that emit an audible signal and deliver a message to their possessor.